IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10141
Summary Calendar
_____


ADMIRAL INSURANCE COMPANY,

Plaintiff-Appellee,

v.

DON MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:99-CV-528-BE)
_____
August 21, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Don Murphy ("Murphy") appeals from the district court's ruling reviving and renewing a 1989 default judgment in favor of appellee Admiral Insurance Company ("Admiral") obtained in the District of Arizona and registered pursuant to 28 U.S.C. § 1963 in the Northern District of Texas. During the pendency of this appeal, in an order dated June 5, 2000, the district court in Arizona vacated the 1989 default judgment for the reason that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it had lacked personal jurisdiction over Murphy at the time it entered the default judgment. Murphy filed a motion pursuant to Federal Rule of Appellate Procedure 28(j) to give this court notice of the district of Arizona's order. Admiral filed no objection to this supplemental authority, nor did it indicate that the Arizona order was infirm, invalid, or incorrect.

The Arizona order voiding the default judgment has obvious ramifications for the Texas enforcement action. Texas Civil Practice & Remedies Code § 16.066(a) states: "An action on a foreign judgment is barred in this state if the action is barred under the laws of the jurisdiction where rendered." The validity of the underlying Arizona judgment is therefore paramount to the question of whether the judgment can be revived or renewed in Texas, where Admiral registered it. For that reason, we vacate the judgment of the district court of the Northern District of Texas reviving and renewing the default judgment, and we remand for reconsideration of whether the judgment can be revived or renewed under Texas Civil Practice & Remedies Code § 31.006.

VACATED and REMANDED.